IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT D. HAUGHIE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-12-cv-2725 |
| KATHLEEN GREEN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

The above-captioned civil rights complaint was filed on September 10, 2012, together with a Motion to Proceed in Forma Pauperis. Because Plaintiff appears to be indigent, his motion shall be granted. For the reasons that follow, the Complaint must be dismissed without requiring service.

Plaintiff asserts an equal protection claim due to the exclusion of prisoners convicted of sex offenses from a prison program involving the training dogs for service to disabled veterans. ECF No. 1 at pp. 3 – 4. "[W]hile a prisoner does not forfeit his constitutional right to equal protection by the fact he has been convicted of a crime and imprisoned, prisoner claims under the equal protection clause, including those based upon a racial classification, must still be analyzed in light of the special security and management concerns in the prison system." *Morrison v. Garraghty*, 239 F. 3d 648, 655 (4th Cir. 2001), citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 136 (1977) ("There is nothing in the Constitution which requires prison officials to treat all inmate groups alike where differentiation is necessary to avoid an imminent threat of institutional disruption or violence.")

With regard to access to programs, there is little doubt that exclusion from participation based on criminal history is necessary for the security and management of the prison. This is

especially true in light of the fact that there is no inherent right to participate in programs offered in the prison setting. Because it is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship, the portion of Plaintiff's complaint regarding these allegations must be dismissed. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.

The Complaint, therefore, fails to state a claim upon which relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1] Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case is the first filed by Plaintiff that has been dismissed as frivolous. For the reasons stated, this case will be dismissed by separate order.

Date: September 17, 2012

/s/
Alexander Williams, Jr.
United States District Judge

---

[1] The statute requires that a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915.

2